IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Maritza Dominguez Braswell**

Civil Action No. 24–cv–02103–DDD–MDB

MICHAEL HINRICHSEN,

    Plaintiff,

v.

SEDGWICK CLAIMS MANAGEMENT SERVICES, INC., and
SAFEWAY, INC.,

    Defendants.

## ORDER

This matter is before the Court on Defendants' Motion to Compel Compliance with Third-Party Subpoena ["Motion"], Doc. No. 40.) Upon review of the Motion and relevant law, the Moton is **DENIED**.

### BACKGROUND

On January 10, 2025, the Court directed Plaintiff to produce "all medical records that reference or concern use of opioids dating back three (3) years from the date of the incident, March 10, 2022." (Doc. No. 32.) However, Plaintiff's counsel's attempts to obtain the relevant documents were unsuccessful. (Doc. No. 40 at ¶ 2.) Accordingly, on March 21, 2025, Defendants served a third-party subpoena upon UC Health Primary Care and Sports Medicine Clinic, Lake Plaza, returnable April 17, 2025. (*Id.* at ¶¶ 3–4; Doc. No. 40-1.) The subpoena requested the production of "[a]ny and all medical records and professional billing from

7/13/2019-7/13/2022," and was accompanied by "[a] HIPAA complaint authorization to release medical information executed by Plaintiff." (Doc. No. 40 at ¶ 4; Doc. No. 40-1 at 1.) However, UC Health did not respond to the subpoena. (*Id.* at ¶ 5.) On April 24, 2025, Defendant served a second subpoena and HIPPA authorization on UC Health, seeking the same documents, returnable May 15, 2025. (*Id.* at ¶ 6–8; Doc. No. 40-2.) UC Health did not respond to that subpoena, either. (*Id.*)

Defendant now asks the Court to compel UC Health's compliance and order that they pay the "costs and fees associated with enforcing compliance." (Doc. No. 40 at 2–3.)

**LEGAL STANDARD**

Rule 45 of the Federal Rules of Civil Procedure governs the use of subpoenas. In relevant part, Rule 45 permits a party to command a nonparty to produce designated documents within that nonparty's possession, custody, or control. *See* Fed. R. Civ. P. 45(a)(1)(D) "A subpoena served on a third party pursuant to Rule 45 is considered discovery within the meaning of the Federal Rules of Civil Procedure and thus must comply with the same standards that govern discovery between the parties: to be enforceable, a subpoena must seek information that is relevant to a party's claims or defenses, and is proportional to the needs of the case." *Cannoid, LLC v. Entourage Nutritional Distributors, LLC*, 2017 WL 11547023, at *2 (D. Colo. Aug. 22, 2017) (internal citation omitted) (citing *Rice v. United States*, 164 F.R.D. 556, 556–57 (N.D. Okla. 1995)). "Rule 45 requires courts to quash a subpoena that '(i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver

2

applies; or (iv) subjects a person to undue burden.'" *Chi v. Weyerhauser Co.*, 2018 WL 11431662, at *2 (D. Colo. Aug. 17, 2018) (quoting Fed. R. Civ. P. 45(d)(3)(A)).

## ANALYSIS

As a threshold matter, the Court has already determined that "all medical records that reference or concern [Plaintiff's] use of opioids dating back three (3) years from the date of the incident, March 10, 2022," are relevant and discoverable. (*See* Doc. No. 32.) Additionally, the subpoenas appear to have been properly served, affords a reasonable time for compliance, and do not require anyone to comply beyond the geographical limits specified in Rule 45(c). (Doc. Nos. 40-1; 40-2.) Thus, the only issues for the Court to consider here is whether the subpoenas would subject a person to undue burden and whether they require the disclosure of privileged or other protected matter.

The subpoenas seek "[a]ny and all medical records and professional billing from 7/13/2019-7/13/2022." (Doc. No. 40-1 at 1; Doc. No. 40-2 at 1.) This request is extremely broad and falls outside the bounds of discovery permitted by the Court. One might logically conclude that Defendant seeks only those documents related to Plaintiff, especially because they were purportedly accompanied by a HIPPA release signed by Plaintiff. (Doc. No. 40 at ¶¶ 4, 6.) But as written, the subpoena calls for *all* records and billing during the specified period and is not limited to documents concerning Plaintiff.[1] The Court declines to compel compliance with such a request.[2]

---

[1] Additionally, though the Court understands Defendant only seeks the records of Plaintiff, who signed a HIPPA release, the literal text of the subpoena requests the disclosure of protected medical information of non-parties to the release.

[2] Defendant is not precluded from serving a new third party subpoena that narrows its request.

## CONCLUSION

For the foregoing reasons, the Defendants' Motion to Compel Compliance with Third-Party Subpoena (Doc. No. 40.) is **DENIED** without prejudice and the subpoenas previously issued by Defendant are quashed.

Dated this 19th day of May, 2025.

BY THE COURT:

_____
Maritza Dominguez Braswell
United States Magistrate Judge